## JOSEPH THAL CO v HATTERY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1260. Decided April 24, 1934

Shaman, Winer & Shulman, for plaintiff in error.

I. C. Delscamp, Dayton, for defendant in error.

SHERICK, J, (5th Dist) sitting by designation.

## OPINION

By HORNBECK, PJ.

The single and main contention of the plaintiff in this court is that the defendant could not have been entitled to a finding and judgment in the sum of $138 because there was no pleading of rescission, nor evidence to support rescission. This position is tenable if the defendant's sole right of action is confined to a choice of election to rescind and an action for damages for breach of a warranty under the sales act.

We are of opinion that upon the law of the case, the theory of the trial court was sound; that the plaintiff had the right under §8449 GC (1) (b) to accept or keep the goods and maintain an action against the seller for damages for the breach of warranty or to proceed against the plaintiff on the theory of fraud. The action of the trial court upon this theory in entering judgment generally for the defendant can be supported, if the facts in the record will sustain it. It would have been regular and formal for the trial court to have entered judgment for the plaintiff in the sum prayed because defendant admitted that she had contracted to pay that sum, to have entered a finding for the defendant in the difference between the value of the coat as it was when purchased and its value as it would have been had it been as represented. This finding, however, could only have been made after permission to the defendant to amend the prayer of her petition and ask for a larger sum of money. This could have been done and this could be done in this court. We therefore are of opinion that upon a technical view of the legal aspects of this case, the action of the Common Pleas Court and of the trial court could be affirmed.

Upon a consideration of the probative effect of the evidence as found in the record, we are satisfied that the justice of

540

the case will not permit the defendant to have the avails of the judgment in her behalf in the sum of $138 and also retain the coat. Her pleading is silent as to any purpose to return the coat and the record also is silent as to any return or offer to return the coat. This cause should not be further protracted in determination and the rights of the parties seem fairly well established. We have had an adjudication of the trier of the facts to the effect that the defendant did not receive value for that which she purchased and the record fairly supports this conclusion. Counsel for defendant in open court stated that then and at all times, defendant was ready and willing to return the coat to the plaintiff. This, we believe, should be done. Therefore, in order that the rights of the parties may fairly be protected in this court and the necessity of further consideration in the trial of this case avoided, we will affirm this judgment with the understanding that before the judgment entry goes on in this court, the defendant through her counsel return the coat to the office of counsel for the plaintiff, whereupon the entry affirming the judgment of the Court of Common Pleas may be entered.

SHERICK and BARNES, JJ, concur.